People v Diallo (2025 NY Slip Op 05896)

People v Diallo

2025 NY Slip Op 05896

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Ind No. 72743/22|Appeal No. 5016|Case No. 2024-03756|

[*1]The People of the State of New York, Respondent,
v
Amadou Diallo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered May 16, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
Defendant validly waived his right of appeal (see People v Thomas (34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]). The court's colloquy tracked the model colloquy endorsed by the Court of Appeals in People v Thomas (id. at 567; see People v Nunez, 220 AD3d 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). Nothing in the colloquy or written waiver suggested that defendant "would forfeit his right to appellate counsel for claims that survived the waiver" (People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied 44 NY3d 985 [2025]). Accordingly, defendant's valid waiver forecloses review of his Second Amendment and excessive sentence claims (see People v Cabrera, 239 AD3d 575, 576 [1st Dept 2023]).
In addition, defendant's Second Amendment claim is unpreserved (see People v Cabrera, 41 NY3d 35 [2023]; People v Berkley, 238 AD3d 492, 492 [1st Dept 2025], lv denied 43 NY3d 1044 [2025]), and we decline to review it in the interest of justice. Defendant's contention that his counsel rendered ineffective assistance in failing to raise his Second Amendment challenge "is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion" (Cabrera, 239 AD3d at 576). Insofar as the claim is reviewable, we find that counsel was not ineffective in failing to raise the Bruen claim (see id.). As an alternative holding, we find that defendant lacked standing to assert his Second Amendment claim because he did not apply for a gun license (see People v Tarazona, 238 AD3d 678 [1st Dept 2024]). In any event, defendant has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Tarazona at 679).
Regardless of whether defendant validly waived his excessive sentence claim, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025